## Farano v. Zoning Board of Adjustment

*John Edward Sheridan,* for plaintiff.

*Lenard L. Wolffe,* Assistant City Solicitor, and *David Berger,* City Solicitor, for defendant.

FLOOD, J., April 12, 1957.—Appellant acquired premises 3653 North Fifteenth Street, Philadelphia, a row house which is zoned "A" commercial, but which is located in a block containing frontage zoned "D" residential. The property is next to the corner and, like others immediately adjacent to it, had an open front porch set back from the street line. Appellant undertook to renovate the premises himself. In order to enlarge the building for rental purposes he applied for zoning, use and building permits authorizing the enclosure of the porch and the extension of it to the street line in accordance with plans submitted therewith. Although no setback is required ordinarily in "A" commercial districts, an eight-foot setback requirement existed here because of section 14-216 (8) of the Zoning Ordinance. That section states, in effect, that buildings erected where any block frontage is divided into two or more districts shall conform to the setback requirement of the most restrictive district.

Zoning and use permits were obtained on February 10, 1955, and the building permit was issued on February 17, 1955. The construction in question was begun the following August. On October 13, 1955, the city department of licenses and inspection notified appellant that an error had been made in issuing the permits. It canceled the permits. At this time the work had been largely completed.

The zoning board of adjustment has held that the evidence showed no reason for the granting of a variance if the application were considered as one made prior to construction. We agree with this finding under all the evidence before the board and before us. There is no other extension such as appellant's on his side of this block except at the other end. His building is no. 3653 and the next building which goes beyond the setback line is no. 3615. The owners of the adjacent properties, who protested vigorously the granting of a variance here because the extension substantially limits their access to light and air, were not guilty of laches. Their testimony indicates that applicant evaded their questions concerning the extent of his proposed construction, that they were misled by the unauthorized permits and the absence of a zoning notice and that they did everything possible to oppose the work. This testimony has not been denied.

Appellant argues that to compel a restoration of the property imposes undue hardship upon him and that a variance should be granted because the city's error was responsible for his building as he did. The board did not consider this a reason for granting a variance not otherwise warranted. With this we agree. It has been many times determined that a city cannot be estopped by the error of its agents if they act beyond their authority. That is what happened here. The financial loss incurred as a result of the unauthorized action of the city's agent in issuing permits which could properly be granted only by the board or by the court after notice of application for a variance does not constitute hardship as that word is used in zoning cases. For either the board or the court to allow a variance under such circumstances would, we think, create a dangerous precedent. It may well be that in

such situations appellant should have a right of action against the city for restitution, but if he has not, the matter must be deemed damnum absque injuria.

The persons who issued the permits have had no authority to grant a variance, and their actions cannot bind the zoning board of adjustment. A variance can be granted only by the board, after due notice to interested parties or, on appeal, by the court.

The appeal is dismissed.